```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER CARLAFTAS,

                Plaintiff,

-against-

BEVAPOR TRUCKING SERVICES LLC,

                Defendant/Third-Party Plaintiff,

-against-

LATIFA DAVIS-JOHNSON, JAMAL TRUSTY, KENDRICK MALDONADO, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, KEVIN WOODS, GARY FEIGELMAN, EMILY FEIGELMAN, and DAVID MCCALLISTER,

                Third-Party Defendants

21-cv-10253 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Peter Carlaftas ("Plaintiff") commenced the instant action against Defendant Bevapor Trucking Services LLC ("Defendant") alleging negligence claims arising under state law. (Complaint ("Compl.") (ECF No. 1).) Defendant then filed a Third-Party Complaint against Third-Party Defendants Latifa Davis-Johnson, Jamal Trusty, Kendrick Maldonado, Cellco Partnership d/b/a Verizon Wireless, Kevin Woods, Gary Feigelman, Emily Feigelman, and David McCallister for indemnification of any damages arising from Plaintiff's Complaint. (ECF No. 15.) Before the Court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) For the following reasons, this Court GRANTS Defendant's motion to dismiss.

## BACKGROUND

The following facts are derived from the Complaint and are accepted as true for the purposes of this motion except as otherwise noted.

On February 7, 2018, Plaintiff was driving a motor vehicle across the Tappan Zee Bridge, which spans the Hudson River between Rockland and Westchester Counties. (Compl. at ¶ 3.) As Plaintiff crossed the bridge, a tractor trailer operated by Defendant struck Plaintiff's vehicle. (*Id.*) The collision subjected Plaintiff to "violent forces" and caused personal injuries, which form the basis of this lawsuit and others currently in state court.[1] (*Id.*)

## DISCUSSION

Defendant moves to dismiss on the basis that the Complaint was filed after the expiration of the applicable statute of limitations. (ECF Nos. 18–19.)

The instant action arises under state law, and it is before this Court based on diversity of citizenship. When this Court's jurisdiction rests upon diversity of citizenship, it applies New York statutes of limitations. *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) ("Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations."). Under New York law, the statute of limitations for personal injury claims (such as the ones before us) is three years. N.Y. C.P.L.R. § 214(5). Courts are not permitted to "extend the time limited by law for the commencement of an action." *Id.* at § 201. The statute of limitations, however, was tolled during the height of the COVID-19 pandemic by Order of the Governor of the State of New York (the "Order"). The Order tolled the statute for a total of 228 days, spanning March 20, 2020 through November 3, 2020.

---

[1] Plaintiff is a named defendant in three related state court actions. *Arch Insurance Co-ASO, et al. v. Davis-Johnson, et al.*, 30633 (Rockland Cty. Sup. Ct. 2021); *Travelers Personal Insurance Co-Aso, et al. v. Pestech Exterminating, Inc., et al.*, No. 30612 (Rockland Cty. Sup. Ct. 2021); *Han v. Lopez-Delacruz, et al.*, No. 33430 (Rockland Cty. Sup. Ct. 2018).

Plaintiff alleges injuries sustained in a motor vehicle accident on February 7, 2018. (Compl. at ¶ 3.) Absent issuance of the Order, the statute of limitations on Plaintiff's claims would have expired on February 7, 2021. The Order, however, extended the limitations period an additional 228 days, to September 23, 2021. Nonetheless, Plaintiff filed the Complaint on December 2, 2021, over two months after the expiration of the extended limitations period and nearly ten months after the expiration of the original limitations period. Plaintiff's Complaint is barred unless this Court applies equitable tolling, as Plaintiff urges this Court to do.[2] (ECF No. 20 at 13.)

"[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising [their] rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citations omitted). A plaintiff is not entitled to equitable tolling unless they can "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

---

[2] Plaintiff also argues the limitations period was tolled by Plaintiff filing a cross-claim against Defendant in a related state court action. Plaintiff cites N.Y. C.P.L.R. § 205(b) for support:

> Where the defendant has served an answer and the action is terminated in any manner, and a new action upon the same transaction or occurrence or series of transactions or occurrences is commenced by the plaintiff or his successor in interest, the assertion of any cause of action or defense by the defendant in the new action shall be timely if it was timely asserted in the prior action.

Section 205(b) is inapplicable. Plaintiff argues that because he served a cross-claim as a defendant in a related state court action, he can now initiate a lawsuit outside of the limitations period as a plaintiff in the present action. But that is not what the statute says: Plaintiff here is not the plaintiff or a successor in interest to the plaintiff in the state court action, and, according to Plaintiff, the state court action has not been dismissed (ECF No. 20 at 10).

Plaintiff's counsel concedes that he believed the Order tolled the limitations period through December 31, 2021. (ECF No. 20 at 14–15.) He explains that as a "sole practitioner and one who practices extensively in the local court system in New York State, as well as the State Supreme Court and Surrogate Courts, the different and numerous orders, openings[,] closings, partial[ ] openings, permitted filings, [and] limited filings" led counsel to believe the Order was set to expire on December 31, 2021, not September 23, 2021. (*Id.* at 14.) "This error," as well as the "confusion" and "cumulative . . . issues" caused by the pandemic, led to the late filing and Plaintiff's present request to equitably toll the statute. (*Id.* at 14–15.)

Although this Court appreciates the candor of Plaintiff's counsel and understands the unique toll the pandemic has exacted, Plaintiff still must plead more than the existence of the pandemic to show the extraordinary circumstances required for equitable tolling. *See Gomez v. Henry St. Settlement*, No. 20-CV-5585 (AT) (BCM), 2021 WL 4943509, at *6 (S.D.N.Y. July 27, 2021) ("[T]he disruption caused by the COVID-19 pandemic—which of course affected all New Yorkers in the spring of 2020, not just plaintiff—is not, standing alone, sufficient to warrant equitable tolling absent a more specific personal showing (for example, that a specific government-imposed restriction prevented him from meeting his filing deadline)." (internal quotations omitted)); *Hines v. United States*, No. 20-CV-20-10064 (CS), No. 17-CR-364-2 (CS), 2021 WL 2456679, at *2 (S.D.N.Y. June 16, 2021) ("While the effects of the COVID-19 pandemic could conceivably present extraordinary circumstances, [a] petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown.") (internal quotations omitted)). To that end, equitable tolling is reserved for those cases where it was *impossible* for a plaintiff to timely file their claims. *Hanger v. Abbott*, 73 U.S. 6 Wall. 532, 18 L.Ed. 939 (1867) (equitably tolling the limitations period where plaintiff was unable to file suit because southern courts were closed

during the Civil War); *Osbourne v. United States*, 164 F.2d 767 (2d Cir. 1947) (equitably tolling the limitations period where plaintiff was unable to sue because plaintiff was held as a prisoner-of-war during World War II); *Dragoman v. Midwest Hose & Specialty, Inc.*, No. 19-CV-01581-RBJ, 2020 WL 7043864, at *2–7 (D. Colo. Dec. 1, 2020) (collecting cases). Here, Plaintiff fails to explain any specific circumstances or restrictions that prevented him from filing his complaint electronically or in-person. *See Nunez v. Danforth*, No. 1:20-cv-10230 (PGG) (SDA), 2021 WL 1063127, at *2 (S.D.N.Y. Mar. 18, 2021) (holding that a petitioner did not establish a plausible basis for equitable tolling during the pandemic because the Court stayed open).

Accordingly, the Court, in keeping with legal precedent, will not apply equitable tolling to Plaintiff's Complaint, and it is therefore untimely. As a result, all of Plaintiff's claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. All of Plaintiffs' claims are dismissed with prejudice. Defendant's Third-Party Complaint against the Third-Party Defendants is mooted and dismissed without prejudice, as are any remaining cross-claims and counterclaims filed by the Third-Party Defendants.[3]

The Clerk of Court is kindly directed to terminate the motion at ECF No. 18. The Clerk of Court is further directed to close the action.

SO ORDERED:

Dated: January 18, 2023
White Plains, New York

NELSON S. ROMÁN
United States District Judge

---

[3] In their respective answers, several of the Third-Party Defendants raise the expiration of the statute of limitations as a bar to Plaintiff's claims and thus Defendant's claims for indemnification. (ECF Nos. 21, 23, 29.)